UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
CHRISTOPHER LACCINOLE,              )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 14-455 S
                                    )
RECOVERY RESOURCES, LLC;            )
FLEISIG & GAVLICK, LLC;             )
MARK V. FLEISIG, ESQ.,              )
                                    )
        Defendants.                 )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Plaintiff, Christopher Laccinole ("Laccinole"), filed a motion to remand this case to the Rhode Island Superior Court. (ECF No. 4.)  Laccinole initially filed suit in Superior Court alleging that Defendants, Recovery Resources, LLC ("Recovery"), Fleisig & Gavlick, LLC ("Fleisig & Gavlick"), and Mark V. Fleisig, Esq. ("Fleisig"), engaged in debt-collection misconduct.  For the reasons set forth below, Laccinole's motion to remand is GRANTED.

I.  Background

Laccinole initiated this suit against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), the Rhode Island Fair Debt Collection Practices Act ("RIFDCPA"), and the Rhode Island Deceptive Trade Practices Act ("DTPA").  (Compl. ¶¶ 1-2,

ECF No. 1-3.)  Defendants were served with Laccinole's Complaint on September 18, 2014. (Pl.'s Mot. to Remand ¶ 6, ECF No. 4.)

On October 14, 2014, after none of Defendants responded to Laccinole's action, default was entered against each Defendant. (Pl.'s Mot. to Remand ¶ 10, ECF No. 4.)  Approximately an hour after the entry of default, Fleisig removed the action to this Court on the basis of federal question jurisdiction.  See 28 U.S.C. § 1331; (Pl.'s Mot. to Remand ¶ 11, ECF No. 4.)  The notice of removal, however, was silent as to Recovery and Fleisig & Gavlick other than the following statement: "[u]pon information and belief, all other co-defendants would consent to the Removal of the above-captioned action to the United States District Court for the District of Rhode Island."  (Defs.' Notice of Removal ¶ 4, ECF No. 1.)

On October 27, 2014, Laccinole filed a motion to remand, arguing, among other things, that removal was defective because Recovery and Fleisig & Gavlick did not independently and unambiguously manifest their consent to removal within thirty days of service as required by 28 U.S.C. § 1446(b). (Pl.'s Mot. to Remand ¶ 23, ECF No. 4.)  Fleisig objected, arguing that, because Recovery and Fleisig & Gavlick are dissolved entities, he was the "only viable defendant existing as of the time of the filing of the Complaint and consent for removal is, therefore, unanimous." (Defs.' Obj. to Pl.'s Mot. to Remand 3, ECF No. 7.)

2

Alternatively, Fleisig represents that as a principal of the now-dissolved co-defendants, he would "consent to removal on behalf of these entities if required to." Id.

II. Discussion

In order to remove an action from state court, a defendant must file in the district court a notice of removal within thirty days of service. See 28 U.S.C. § 1446(b). When a case involves multiple defendants, the "rule of unanimity" requires that all of the defendants "join" the removal petition. Sansone v. Morton Mach. Works, Inc., 188 F. Supp. 2d 182, 184 (D.R.I. 2002). Although the rule of unanimity does not require that all of the defendants involved literally sign the removal petition, each defendant must independently manifest consent to removal "clearly and unambiguously to the Court" within the thirty days allotted by the removal statute. Id.

Courts differ with regard to what constitutes consent sufficient to establish compliance with the rule of unanimity. Id. For example, some courts require written consent, while others accept oral consent expressed directly to the court. Compare Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (requiring that each served defendant timely file a written indication of consent to removal), with Clyde v. Nat'l Data Corp., 609 F. Supp. 216, 218 (N.D. Ga. 1985) (permitting defendants to express their consent to removal

3

orally to the court), and Colin K. v. Schmidt, 528 F. Supp. 355, 358 (D.R.I. 1981) (accepting an attorney's statement that he consented to removal at a conference before the court). Regardless of form, however, each individual defendant must independently manifest its own consent to the court. Sansone, 188 F. Supp. 2d at 185.

Moreover, removal statutes are strictly construed in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Gorman v. Abbott Labs., 629 F. Supp. 1196, 1198 (D.R.I. 1986). Failure of all parties to manifest their consent to the court "constitutes a 'defect in removal procedure' and is grounds for remand." Sansone, 188 F. Supp. 2d at 184 (quoting F.D.I.C. v. Loyd, 955 F.2d 316, 320 (5th Cir. 1992)). Remand, however, is not mandatory unless the district court lacks jurisdiction. Hernandez v. Six Flags Magic Mountain, Inc., 688 F. Supp. 560, 562 (C.D. Cal. 1988).

In the present case, Recovery and Fleisig & Gavlick did not manifest their consent to removal to the Court. The notice of removal was clearly filed only on Fleisig's behalf and neither Recovery nor Fleisig & Gavlick otherwise timely voiced their consent to the Court. The only reference to Recovery and Fleisig & Gavlick within the notice was the general statement that "[u]pon information and belief, all other co-defendants would consent to the Removal." (Defs.' Notice of Removal ¶ 4,

ECF No. 1.) However, Fleisig's representation that "on information and belief," the co-defendants "would" consent only demonstrates that, at the time of removal, the co-defendants had not consented in accordance with 28 U.S.C. § 1446(b).

Furthermore, Fleisig's argument that he is the "only viable defendant" because the remaining defendants are dissolved is unpersuasive. Pursuant to R.I. Gen. Laws § 7-1.2-1324, a dissolved corporation is subject to suit within two years of its dissolution. R.I. Gen. Laws § 7-1.2-1325 then extends a corporation's legal existence for five years after the date of its dissolution to, among other things, allow the corporation to "settle and close its affairs" and "discharge its liabilities." See Theta Props. v. Ronci Realty Co., 814 A.2d 907, 914 (R.I. 2003) (comparing § 7-1.1-98 and § 7-1.1-98.1, predecessor statutes to § 7-1.2-1324 and § 7-1.2-1325, and explaining that corporations can sue or be sued within two years of their dissolution and that they have five years for winding up their other affairs, including winding up lawsuits). Fleisig presented evidence that the date of revocation of Recovery and Fleisig & Gavlick was May 14, 2014, (Ex. A to Defs.' Objection to Pl.'s Mot. to Remand, ECF No. 7-1.), bringing Laccinole's September 14, 2014 action well within the period following dissolution when companies remain subject to litigation. Recovery and Fleisig & Gavlick are valid defendants despite

5

their status as presently-dissolved entities, thus their failure to manifest consent to removal was procedurally fatal.

Fleisig's argument that, as a principal to the dissolved co-defendants, he would consent on their behalf "if required to" is likewise unavailing. Although consent can be manifested by either the defendant itself or another with authority to formally act on the defendant's behalf, Getty Oil, 841 F.2d at 1262 n.11, the notice of removal does not operate as a manifestation of consent by Fleisig on behalf of Recovery and Fleisig & Gavlick. Indeed, Fleisig did not mention his authority to consent until he filed an objection to the motion to remand, well after the thirty-day deadline to consent. Each defendant's consent to removal must have been manifested clearly and unequivocally to the Court within the thirty-day period prescribed by § 1446(b). Sansone, 188 F. Supp. 2d at 185. The fact that "consent [may have been] communicated among the defendants is insufficient; each defendant must notify the Court of its consent prior to the expiration of the thirty-day period for the removal petition to be timely." Berrios v. Our Lady of Mercy Med. Ctr., No. 99-Civ.21(DLC), 1999 WL 92269, at *2 (S.D.N.Y. Feb. 19, 1999) (citations omitted).

Ultimately, removal statutes are to be strictly construed, with any doubts resolved against removal of the action. See Shamrock Oil, 313 U.S. at 108-109; Rossello-Gonzalez v.

Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004). Because Recovery and Fleisig & Gavlick did not unambiguously and independently manifest their consent to removal within the thirty-day period set forth in § 1446(b), Laccinole's motion to remand is granted.[1]

III. Conclusion

Plaintiff's motion is GRANTED and the case is REMANDED to the Rhode Island Superior Court.

IT IS SO ORDERED.

*[signature: Wesmith]*

William E. Smith
Chief Judge
Date: September 25, 2015

---

[1] Because this Court finds that removal was defective based on the unanimity requirement, this Court need not address Laccinole's alternative argument that removal was defective pursuant to 28 U.S.C. § 1446(a).